■ In the Matter of IRV SCOTT, Petitioner, v. WILLIAMS S. HULTS, as Commissioner of Motor Vehicles, Respondent.— Proceeding under article 78 of the CPLR to annul a determination of the respondent Commissioner of Motor Vehicles which suspended petitioner's driver's license for 30 days for violation of subdivision (b) of section 1163 of the Vehicle and Traffic Law. By order of the Supreme Court, Suffolk County, entered December 21, 1965, the proceeding has been transferred to this court for disposition. Determination annulled, with $10 costs and disbursements. In our opinion no substantial evidence was adduced at the hearing to sustain the finding of the Referee that petitioner had failed to signal his intention to make a left turn. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ MIGUEL NEGRON, Appellant, v. SAMUEL KAUFMAN, Respondent.— In an action to recover damages for medical malpractice and breach of contract, plaintiff appeals from an order of the Supreme Court, Suffolk County, entered December 29, 1965 which, on defendant's motion, (1) directed plaintiff to submit to a physical examination, (2) stayed the trial and all further proceedings pending completion of such examination and (3) directed dismissal of the complaint in the event of plaintiff's failure to comply with the order. Order reversed and motion denied, with $10 costs and disbursements. Under the Special Rules of this court (part 7, rules III, VII) defendants are deemed to have waived their right to the examination sought (*Juett* v. *Paesani*, 19 A D 2d 726; *Byrnes* v. *Dan's Taxi*, 18 A D 2d 807). No " unusual or unanticipated conditions " within the meaning of rule VII were shown to permit departure from the general rule. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.